UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| COREY MOORE | CIVIL ACTION |
| VERSUS | No. 23-4614 |
| INTEGON NATIONAL INSURANCE COMPANY | SECTION I |

### ORDER & REASONS

Before the Court is defendant Integon National Insurance Company's ("defendant") motion[1] to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff Corey Moore ("plaintiff") has not filed a response to the motion, and the deadline for doing so has passed.[2] For the reasons set forth below, the Court grants the motion to dismiss.

### I. BACKGROUND

This matter concerns a Hurricane Ida insurance claim. Plaintiff owns the property at issue in this dispute.[3] The property, at the time of the damage, was subject to an insurance policy bearing policy number Q4369547 ("the Policy") issued by defendant.[4] Following damage to the property, plaintiff claims that defendant breached the Policy by failing to make required payments.[5] Plaintiff also asserts

---

[1] R. Doc. No. 11.
[2] Pursuant to Local Rule 7.5, plaintiff's deadline to respond to defendant's motion was November 21, 2023.
[3] R. Doc. No. 2, ¶ 7.
[4] *Id.*
[5] *Id.* at 5–7.

1

claims for abuse of rights and for penalties pursuant to La. R.S. 22:1892 and La. R.S. 22:1973.[6]

In its motion to dismiss, defendant alleges that the Policy was purchased by Midland Mortgage (the "mortgagee"), the holder of a mortgage on plaintiff's property, after plaintiff failed to provide evidence that he had purchased adequate insurance.[7] Defendant argues that the mortgagee purchased the insurance to protect its own interests in the property, not to protect plaintiff's interests.[8] Therefore, defendant denies that plaintiff is covered by the Policy and moves to dismiss plaintiff's claims pursuant to Rule 12(b)(6).[9]

## II.    STANDARD OF LAW

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows for dismissal of a complaint for "failure to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and internal quotations omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Culbertson v. Lykos*,

---

[6] *Id.* at 7–10.
[7] R. Doc. No. 11-1, at 3–4.
[8] *Id.*
[9] *Id.* at 16.

2

790 F.3d 608, 616 (5th Cir. 2015) (citation omitted) (internal quotation marks omitted).

"[T]he face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim." *Hi-Tech Elec., Inc v. T&B Constr. & Elec. Servs., Inc.*, No. 15-3034, 2017 WL 615414, at *2 (E.D. La. Feb. 15, 2017) (Vance, J.) (citing *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 255–57 (5th Cir. 2009)). A complaint is insufficient if it contains "only labels and conclusions, or a formulaic recitation of the elements of a cause of action." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (citation and internal quotations omitted). The complaint "must provide the defendant with fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (internal quotations omitted).

In considering a motion to dismiss, a court views the complaint "in the light most favorable to the plaintiff, accepting as true all well-pleaded factual allegations and drawing all reasonable inferences in the plaintiff's favor." *Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004). In addition to considering the complaint and its attachments, the Court may consider documents attached to a motion to dismiss "if they are referred to in the plaintiff's complaint and are central to [his] claim." *Causey v. Sewell Cadillac–Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir.2004) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir.2000)).

### III. ANALYSIS

As discussed, defendant moved to dismiss plaintiff's claims pursuant to Rule 12(b)(6) because plaintiff is not an insured, additional insured, or third-party beneficiary of the Policy.[10] Because the Policy is attached to the motion to dismiss, referenced in plaintiff's complaint, and central to plaintiff's claim, the Court may consider the Policy to decide this motion. *See Causey*, 394 F.3d at 288.

Neither party disputes that Louisiana law governs this matter.[11] Pursuant to Louisiana law, "[a]n insurance policy is a contract between the parties and should be construed by using the general rules of interpretation of contracts set forth in the Louisiana Civil Code." *Cadwallader v. Allstate Ins. Co.*, 848 So. 2d 577, 580 (La. 2003). While the general standard for interpretation is the intent of the parties, "[w]hen the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent." *In re Katrina Canal Breaches Litig.*, 495 F. 3d 191, 207 (5th Cir. 2007) (quoting La. Civ. Code art. 2046). Accordingly, "[i]f the policy wording at issue is clear and unambiguously expresses the parties' intent, the insurance contract must be enforced as written." *Id.* (quoting *Cadwallader*, 848 So. 2d at 580).

The language of the Policy issued by defendant is clear. The Policy states "[defendant] agrees to indemnify [the mortgagee] or [the mortgagee's] legal

---

[10] R. Doc. No. 11-1, at 10.
[11] Plaintiff's complaint asserts claims pursuant to Louisiana law. R. Doc. No. 2. Defendant's motion to dismiss invokes Louisiana law to analyze whether plaintiff has sufficiently stated his claims. R. Doc. No. 11-1, at 1.

4

representative for ANY amount that [the mortgagee] may be entitled to recover as the result of a covered LOSS."[12] The notice of insurance further provides that "[t]he contract of insurance is only between [the mortgagee] and [defendant]. There is no contract of insurance between the [plaintiff] and [defendant]."[13] Pursuant to the plain language of the Policy, the notice of insurance provided to plaintiff, and the Louisiana standard of interpretation, plaintiff is neither an insured nor an additional insured. *See Cadwallader*, 848 So. 2d at 580.

Louisiana law permits enforcement of policies by intended third-party beneficiaries in addition to enforcement by the named insured or additional named insured. *Williams v. Certain Underwriters at Lloyd's of London,* 398 F. App'x 44, 47 (5th Cir. 2010). "Under Louisiana law, a third-party beneficiary must be created by contract, known as a stipulation *pour autri*, and is never presumed. To establish a stipulation *pour autri*, a party must demonstrate that: '(1) the stipulation for a third party is manifestly clear; (2) there is certainty as to the benefit provided the third party; and (3) the benefit is not a mere incident of the contract between the promisor and the promisee.'" *Johnson v. Am. Sec. Ins. Co.*, 2023 WL 143325, at *4 (E.D. La. Jan. 10, 2023) (Vitter, J.) (quoting *Joseph v. Hosp. Serv. Dist. No. 2 of Par. of St. Mary*, 939 So. 2d 1206, 1212 (La. 2006)).

Plaintiff has not made it manifestly clear that there was any stipulation intended to benefit him. Pursuant to the terms of the Policy, there is no stipulation

---

[12] R. Doc. No. 11-3, at 7.
[13] R. Doc. No. 11-2, at 6.

in favor of plaintiff. Rather, the Policy expressly says "[t]here is no contract of insurance between the [plaintiff] and [defendant]."[14] This statement expressly disavows any stipulation in favor of plaintiff pursuant to the Policy.

Additionally, there is no certainty that there existed any benefit to plaintiff pursuant to the Policy. The mere fact that insurance proceeds in excess of the mortgagee's interest will be paid to the mortgagor is not sufficient to demonstrate a stipulation *pour autri*. *Brown v. Am. Mod. Home Ins. Co.*, No. CV 16-16289, 2017 WL 2290268, at *5 (E.D. La. May 25, 2017) (Lemmon, J.) ("Without allegations demonstrating that the condition requiring American Modern to pay plaintiffs was triggered, i.e. that the amount of the loss exceeds the mortgage balance, plaintiffs' complaint does not sufficiently allege that there was a stipulation *pour autrui*, and plaintiffs have not stated a claim against American Modern for breaching the insurance contract."). Plaintiff has not alleged specific facts demonstrating that the amount of the loss exceeds the mortgage balance. *See id.* Therefore, there is no certainty as to the benefit provided to plaintiff by the Policy.

Finally, "[a]ny benefit conferred on plaintiff was merely incidental to the mortgagee's coverage." *See Fontenot v. Great Am. Assurance Co.*, No. CV 23-2062, 2023 WL 6065152, at *4 (E.D. La. Sept. 18, 2023) (Africk, J.). The Policy was secured to protect the mortgagee's interest, not the interests of plaintiff. *See Riley v. Sw. Bus. Corp.*, 2008 WL 4286631, at *3 (E.D. La. Sept. 17, 2008) (Vance, J.) ("Indeed, the very purpose of a forced placed policy is to cover the uninsured portion of the *mortgagee's*

---

[14] R. Doc. No. 11-2, at 6.

interest. Though [the mortgagor] may incidentally benefit from the stopgap coverage, he was not an intended beneficiary and is thus not entitled to enforce the contract in court."); *Gisclair v. Great Am. Assurance Co.*, No. CV 22-3556, 2023 WL 1765922, at *6 (E.D. La. Feb. 3, 2023) (Morgan, J.); *Johnson*, 2023 WL 143325, at *4.

Accordingly, plaintiff is not an intended third-party beneficiary pursuant to Louisiana law. Because plaintiff does not assert a plausible claim for relief under the Policy, plaintiff's breach of contract claim must be dismissed pursuant to Rule 12(b)(6).

Plaintiff additionally claims that defendant is liable for violating statutory duties pursuant to La. R.S. §§ 22:1973 and 22:1892.[15] "These claims rely on the existence of a valid, underlying insurance claim." *See Fontenot*, 2023 WL 6065152, at *4 (citing *Gisclair*, 2023 WL 1765922, at *7); *see also Riley*, 2008 WL 4286631, at *3. "Because plaintiff is not covered by the Policy, these claims also lack a plausible basis." *Fontenot*, 2023 WL 6065152, at *4.

Plaintiff also asserts a cause of action for "abuse of rights."[16] Plaintiff does not explain the basis for this cause of action, but merely states her allegations in the complaint satisfy the cause of action.[17] "Under Louisiana law, the "abuse of rights" doctrine applies to the exercise of a contractual right when: (1) the predominant motive for the exercise of the right is to cause harm; (2) there is no serious or legitimate motive for the exercise of the right; (3) the exercise of the right violates

---

[15] R. Doc. No. 2, at 7.
[16] *Id.* at 10.
[17] R. Doc. No. 2, ¶¶ 38–39.

7

moral rules, good faith, or elementary fairness; or (4) the exercise of the right is for a purpose other than that for which it was granted." *Sartisky v. La. Endowment for the Hums.,* No. CIV.A. 14-1125, 2014 WL 5040817, at *3 (E.D. La. Sept. 26, 2014) (Engelhardt, J.). Because there is no underlying contractual right, this claim also lacks a plausible basis.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that defendant's motion to dismiss pursuant to Rule 12(b)(6) is **GRANTED.** The above-captioned matter is **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, December 7, 2023.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**